UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH J. WILLIAMS,

                Plaintiff,

-against-

MID-HUDSON FORENSIC PSYCHIATRIC CENTER, MR. C. NOELL, MICHELLE WINKHAM, MR. HERNANDEZ, and MR. LAFORGE,

                Defendants.

16-cv-2188 (NSR)

OPINION AND ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Kenneth J. Williams ("Plaintiff"), proceeding *pro se*, commenced this action on March 22, 2016, pursuant to 42 U.S.C. § 1983 for alleged Eighth Amendment violations. (*See* Complaint ("Compl."), (ECF No. 1).) Plaintiff asserts this claim against Mid-Hudson Forensic Psychiatric Center ("Mid-Hudson"), Collins Noell ("Noell"), Michelle Wickham ("Wickham"),[1] Raymond Hernandez ("Hernandez"), and Shane LaForge ("LaForge") (collectively, "Defendants") claiming that they violated his constitutional rights when they allegedly assaulted him at Mid-Hudson.

Before the Court is Defendants' motion to dismiss Mid-Hudson for lack of subject matter jurisdiction and the remaining Defendants for insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5), respectively. (*See* Defendants' Brief in Support of the Motion to Dismiss ("Defs. Br.") (ECF No. 33), at 1.)[2] For the following reasons, Defendants' motion is GRANTED in part and DENIED in part.

---

[1] Based on Defendants' filings for this motion, it appears that Ms. Wickham was improperly identified in this action as Michelle Winkham. (*See* ECF No. 30.)
[2] Plaintiff has filed various documents which appear to reference Defendants' motion. (*See* ECF Nos. 22, 23, 24, 25, 27, 36.) By way of Memorandum and Order dated October 27, 2016, this Court granted Plaintiff's request for an extension of time to file an opposition to Defendants' motion, and noted that, in absence of such a filing, the prior

1

# **FACTUAL BACKGROUND**

Plaintiff initiated this action on or about March 22, 2016, for alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment. (*See* Compl. at 3.)[3] Plaintiff's Complaint identified the Defendants by name and Mid-Hudson as their current employer. (*Id.* at 1-2.) On May 17, 2016, Plaintiff was granted leave to proceed *in forma pauperis*, (*see* ECF No. 6), and this Court therefore directed that Plaintiff's Complaint be given to the United Sates Marshal for the Southern District of New York (the "Marshals") for service on the Defendants at the addresses in the Complaint, pursuant to 28 U.S.C. § 1915(c) and Fed. R. Civ. P. 4(c)(2)(B)(i), (*see* Order of Service (ECF No. 8).)

Each of the Defendants received a copy of the summons and complaint by mail at their place of business "no later than June 20, 2016." (*See* Declaration of Noell in Support of Defs. Mot. ("Noell Decl.") (ECF No. 29), ¶2; Decl. of Wickham in Support of Defs. Mot. ("Wickham Decl.") (ECF No. 30), ¶2; Decl. of LaForge in Support of Defs. Mot. ("LaForge Decl.") (ECF No. 31), ¶2; Decl. of Hernandez in Support of Defs. Mot. ("Hernandez Decl.") (ECF No. 32), ¶2.) None of the envelopes bore the words "personal and confidential." (*See* Noell Decl., ¶2; Wickham Decl., ¶2; LaForge Decl., ¶2; Hernandez Decl., ¶2.)

On July 28, 2016, copies of the summons and complaint for Defendants Noell, Wickham, LaForge, and Hernandez, were handed to Patty Greenwald at Mid-Hudson. (*See* Marshals' Process Receipt and Return of Service Executed ("Proof of Service") for Noell (ECF No. 14);

---

submissions would be deemed an opposition. (*See* ECF No. 26.) On November 15, 2016, Plaintiff filed such a submission, a "Response to Defendants' Motion", which Defendants then re-filed on December 2, 2016 with the remainder of the moving papers. (*See* ECF Nos. 27, 36.) As a result, Plaintiff's prior submissions made on October 20, 2016, (*see* ECF Nos. 22-25), were effectively rendered inapplicable to the motion. Nevertheless, Defendants cited to Plaintiff's memorandum dated October 20, 2016 as Plaintiff's opposition. (*See* Defs. Reply in Further Support of the Mot. (Defs. Reply) (ECF No. 37), at 2.) Accordingly this Court hereby deems both Plaintiff's October 20, 2016 Memorandum (ECF No. 23) ("Plaintiff's Opposition 1" or "Plf. Opp. 1") and Plaintiff's November 11, 2016 Response (ECF No. 27) ("Plaintiff's Opposition 2" or "Plf. Opp. 2"), as Plaintiff's Opposition, collectively.

[3] As Plaintiff is proceeding *pro se* and his Complaint is the standard, fillable Section 1983 form complaint, all citations thereto will be to pages, not paragraphs.

Proof of Service for Wickham (ECF No. 15); Proof of Service for Hernandez (ECF No. 16); Proof of Service for LaForge (ECF No. 17).) None of the proofs of service indicate Patty Greenwood's age, otherwise identify her, or indicate whether she is a Mid-Hudson employee. (*See id.*)

## DISCUSSION

### I. Standard of Review

#### A. Rule 12(b)(1)

A challenge to a federal court's subject matter jurisdiction is properly raised by way of a 12(b)(1) motion. *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010); *Alliance for Envt'l Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 87-88 (2d Cir. 2006). Without jurisdiction, the Court is devoid of the "power to adjudicate the merits of the case." *Carter v. HealthPort Tech., LLC*, 822 F.3d 47, 55 (2d Cir. 2016). It is well-settled that the "plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002)). If an official or entity is entitled to sovereign immunity, a court has no subject matter jurisdiction to hear the case. *See Cooper v. N.Y. State Dep't. of Mental Health*, No. 01-CV-943 (AGS), 2001 WL 456348, at *1 (S.D.N.Y. May 1, 2001); *see also Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 37-38 (2d Cir. 1977).

#### B. Rule 12(b)(5)

A Court cannot properly exercise jurisdiction over a defendant in absence of "service of [the] summons" and complaint. *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006) (internal quotation marks omitted). On a 12(b)(5) motion for insufficient service of process, the plaintiff bears the burden of demonstrating "that service was sufficient." *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (summary order) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)); *see also Hood v. Ascent Med. Corp.*, No. 13 CIV. 628, 2014

WL 5089559, at *2 (S.D.N.Y. Oct. 9, 2014). The Court should look at matters and documents outside of the complaint to determine if service was made. *M.C. v. Westchester, New York*, No. 16-CV-3013 (NSR), 2018 WL 1033241, at *3 (S.D.N.Y. Feb. 21, 2018) (citing *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 320 (S.D.N.Y. 2016)).

   II.     **Eleventh Amendment Immunity**

Defendants first seek dismissal of all claims against Mid-Hudson for Eleventh Amendment immunity. (*See* Defs. Br. at 2-3.)

Absent abrogation by Congress, a state is immune from suit in federal court. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54-56 (1996); *see also Dube v. State Univ. of New York*, 900 F.2d 587, 594 (2d Cir. 1990). This immunity extends to "arms of the state," or "agencies or departments" thereof.[4] *Dube*, 900 F.2d at 594-95 (finding SUNY institution entitled to sovereign immunity); *see also Makas v. Miraglia*, No. 05-CV-7180 (DAB)(FM), 2007 WL 152092, at *13 (S.D.N.Y. Jan. 23, 2007) (NYS Office of Mental Health ("OMH") entitled to sovereign immunity). A state's immunity is not abrogated by Section 1983, and New York State has not otherwise waived its immunity.[5] *See Dube*, 900 F.2d at 594; *see also Trotman*, 557 F.2d at 38-39; *Martinez v. Healey*, No. 14-CV-302, 2014 WL 5090056, at *6 (S.D.N.Y. Oct. 10, 2014).

Judges in this district have already held that Mid-Hudson, and other types of psychiatric facilities that are "operated by OMH", are arms of the state, entitled to enjoy sovereign immunity. *See Vallen v. Mid-Hudson Forensic Office of Mental Health*, No. 02-CV-5666, 2004 WL 1948756,

---

[4] Plaintiff's claims would not fall into the *Ex Parte: Young*, 209 U.S. 123 (1908), exception to the Eleventh Amendment as Plaintiff has not pled an "ongoing violation of federal law" seeking injunctive relief. *Aiken v. Nixon*, 80 F. App'x 146 (2d Cir. 2003) (summary order).
[5] As Defendants correctly contend, Plaintiff's claim that the Federal Tort Claims Act ("FTCA") "limits federal sovereign immunity," (*see* Plf. Opp. 1, at 1), rests on a misunderstanding of the law. The FTCA is a vehicle by which an individual can sue the federal government in tort, *see* 28 U.S.C. §§ 2671, 2674, and does indeed establish a waiver of sovereign immunity for the United States, but for the United States alone. *See Adeleke v. United States*, 355 F.3d 144, 153 (2d Cir. 2004); *Jones v. Nat'l Commc'n and Surveillance Networks*, 409 F. Supp. 2d 456, 466 (S.D.N.Y. 2006); *Charles T. McIntosh v. United States*, No. 15-CV-2442 (KMK), 2018 WL 1275119, at *5 (S.D.N.Y. Mar. 7, 2018).

at *3 (S.D.N.Y. Sept. 2, 2004) (holding Mid-Hudson immune from suit); *see also Leon v. Rockland Psychiatric Ctr.*, 232 F. Supp. 3d 420, 430 (S.D.N.Y. 2017) (Rockland Psychiatric Center immune); *Lewis v. Krymkevich*, No. 07-CV-4583, 2009 WL 4884093, at *3 (S.D.N.Y. Dec. 17, 2009) (same); *Cooper*, 2001 WL 456348, at *2 (OMH and NYS Psychiatric Institute immune). Mid-Hudson is delineated by statute as a facility operating under the auspices of OMH. *See* N.Y. MENTAL HYG. § 7.17(b); *see also Vallen*, 2004 WL 1948756, at *3. This Court finds no reason to deviate from other Judges in this district and holds Mid-Hudson an instrumentality of the state, entitled to sovereign immunity. This portion of Defendants' motion is granted.

### III. Insufficient Process

Defendants also argue that the Complaint should be dismissed for insufficient service of process. (Defs. Br. at 4-6.)

Rule 4(e) governs appropriate service of process and dictates that "an individual within a judicial district of the United States" may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>    (A) delivering a copy of the summons and of the complaint to the individual personally;
>    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). The applicable state statute permits service by:

> delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend

5

"personal and confidential" . . ., such delivery and mailing to be effectuated within twenty days of each other . . . .

N.Y. C.P.L.R. § 308(2).

### A. Service on Defendants was Defective

Plaintiff has failed to establish that service was proper pursuant to Fed. R. Civ. P. 4(e)(2)(C). The only two provisions of Rule 4(e) potentially applicable here are 4(e)(2)(C) and 4(e)(1). Service was not proper pursuant to either.

First, service under Rule 4(e)(2)(C) was defective. In order to meet the burden that defendants were properly served, a plaintiff must also demonstrate that the person who accepted service, if not the individual defendant, was an "agent for service of process." *Weston Funding, LLC v. Cosorcio G Grupo Dina, S.A. de C.V.*, 451 F. Supp. 2d 585, 590 (S.D.N.Y. 2006) (noting plaintiff's failure to demonstrate agent for service of process); *see also Sihks for Justice v. Nath*, 850 F. Supp. 2d 435, 440-41 (S.D.N.Y. 2012). Defendants supplied the Court with affidavits indicating that none have "appointed or authorized Patty Greenwood or anyone else at Mid-Hudson" as an agent to receive service of process. (*See* Noell Decl., ¶4; Wickham Decl., ¶4; LaForge Decl., ¶4; Hernandez Decl., ¶4.) In opposition, Plaintiff merely asserts that Ms. Greenwood is "authorized/agent Mid-Hudson" and "appointed care/Mid-Hudson", but fails to provide any evidence that would support such a contention. (*See* Plf. Opp. 1, at 3.) Such statements cannot overcome Defendants' affidavits.

In light of the determination that service was not properly effectuated pursuant to Fed. R. Civ. P. 4(e)(2)(C), it appears that Plaintiff's only avenue for service is Fed. R. Civ. P. (e)(1), by way of N.Y. C.P.L.R. 308(2). Such service is proper if three conditions are met: (1) service was delivered to a person of "suitable age and discretion" at the defendants home or business; (2) the summons was mailed to the defendant's home or place of business; and (3) the first two conditions

were performed within 20 days of one another.  *See* N.Y. C.P.L.R. § 308(2).  Plaintiff's service was deficient.

Through the Marshals, Plaintiff delivered copies of the summons and complaint to Mid-Hudson and Patty Greenwood accepted them.  (*See* Noell Proof of Service; Wickham Proof of Service; LaForge Proof of Service; Hernandez Proof of Service.)  These proofs of service do not reveal any information about Patty Greenwood, other than that her name is Patty Greenwood and she accepted service on July 28, 2016 at Mid-Hudson.  (*See id.*)  Further, the envelopes mailed to Defendants' place of business did not bear the words "personal and confidential", as required by the statute.  (*Compare id. with* N.Y. C.P.L.R. § 308(2).)  It is of no moment whether these were technical errors that would "not render service invalid", *see DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 65 (S.D.N.Y. 2010), because service was nevertheless invalid due to the 38 day period between mailing and delivery.  Rather than dismissing Plaintiff's Complaint, however, this Court finds an extension of time to effect service is warranted.

**B. An Extension of Time to Effect Service is Warranted**

Rule 4(m) provides that:

> if a defendant is not served within 90 days after the complaint is filed, the court – on a motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  Accordingly, there are two means by which a court can grant an extension: (1) upon a showing of good cause; or (2) within its discretion.  *Id.*; *see also Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) (holding an extension proper "even in the absence of good cause"); *M.C.*, 2018 WL 1033241, at *3.  If the court chooses to dismiss, such dismissal must be without prejudice.  Fed. R. Civ. P. 4(m).  Further, the Second Circuit has consistently held that Rule 4 should be construed liberally and that "incomplete or improper service will lead the court

to dismiss the action *unless it appears that proper service may still be obtained.*" *Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 311.

Good cause has been established in this case. Plaintiff is *pro se*, incarcerated, and proceeding *in forma pauperis*; he was entitled to rely on the Marshals for service. *See* Fed. R. Civ. P. 4(c)(3); *Romandette*, 807 F.2d at 311. If errors in service are the fault of the Marshals, courts in this circuit are loathed to penalize the Plaintiff and they find good cause. *See Romandette*, 807 F.2d at 311 (noting plaintiff's demonstration of good cause due to his reliance on the Marshals); *Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the *pro se* prisoner provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)."); *Ruddock v. Reno*, 104 F. App'x 204, 206-07 (2d Cir. 2004) (summary order); *McNulty v. Yaneka*, No. 11-CV-8320 (ER), 2013 WL 684448, at *4 (S.D.N.Y. Feb. 25, 2013).

Here, Plaintiff identified each of the Defendants by name[6] *and* included a complete address for their actual place of business. (*See* Compl. at 1-2.) Additionally, in his Opposition, Plaintiff notes that he filed "to the best of his ability", but was "unsuccessful in attaining the full names" of Defendants. (*See* Plf. Opp. 2, at 4.) Further, proper service may still be obtained, as the defects in service are easy to cure and Defendants have already acknowledged actual notice of the action.[7] *See Jaiyeola v. Carrier Corp.*, 73 F. App'x 492, 492 (2d Cir. 2003) (summary order) (referring to existence of actual notice). Good cause has been established; Plaintiff is entitled to re-serve his Complaint.

---

[6] Plaintiff identified one Defendant by first and last name, but the remainder by last name only.
[7] Actual notice is established because the Defendants admitted to receiving a copy of the summons and complaint by mail. (*See See* Noell Decl., ¶2; Wickham Decl., ¶2; LaForge Decl., ¶2; Hernandez Decl., ¶2.) The defect complained of was that the envelopes did not contain the phrase "personal and confidential", as required by C.P.L.R. § 308(2). *See McGann v. New York*, 77 F.3d 672, 674 (2d Cir. 1996).

Even if good cause were not established, this Court would exercise its discretion and grant leave to re-serve. When determining whether to exercise such determination, a court should consider:

> (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision.

*M.C.*, 2018 WL 1033241, at *4; *DeLuca*, 695 F. Supp. 2d at 66. Three factors favor extension.[8]

The first factor weighs in Plaintiff's favor. The statute of limitations on a Section 1983 action is governed by state law, and in the case of personal injury, is three years. *See Wallace v. Kato*, 549 U.S. 384, 396 (2007); *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). Where the dismissal without prejudice required by Rule 4(m) "in combination with the statute of limitations[,] would result in a dismissal *with* prejudice," the court should favor a Rule 4(m) extension. *See Zapata*, 502 F.3d at 198; *M.C.*, 2018 WL 1033241, at *4. Consequently, if this Court were to dismiss Plaintiff's Complaint today without prejudice, the statute of limitations would bar him from re-filing,[9] effectively converting a dismissal *without* prejudice into one *with* prejudice; this factor favors extension.

Second, Defendants had actual notice of the claims asserted in the lawsuit. Rule 4 is to be construed liberally, "to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice." *Romandette*, 807 F.2d at 311. Actual notice exists where, *inter alia*, the defendant actually receives the summons and complaint, *see McGann*, 77 F.3d at 674, or a defendant engages in motion practice, *see M.C.*, 2018 WL 1033241, at *5. Here, Defendants'

---

[8] There is no evidence in the record to decide one way or another whether Defendants attempted to conceal the defect in service. This factor is nevertheless significantly diminished by the weight of the remaining factors.
[9] The statute of limitations on Plaintiff's claim has run, as it has been over three years from the date of the incident, the date when Plaintiff "knew or had reason to know the basic facts of both his injury and its alleged cause." *Styles v. Goord*, 198 F. App'x 36, 37 (2d Cir. 2006) (summary order) (citing *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 225 (2d Cir. 2004)).

affidavits acknowledge that they did in fact receive copies of the summons and complaint, to their offices, by mail. (*See* Noell Decl., ¶2; Wickham Decl., ¶2; LaForge Decl., ¶2; Hernandez Decl., ¶2.) Defendants had actual notice of the claims.

Finally, Defendants will not be prejudiced from this extension. Prejudice typically is not found in absence of a claim of prejudice. *See DeLuca*, 695 F. Supp. 2d at 67 (no prejudice where defendant "does not claim to have been prejudiced"). Defendants have not argued that they were prejudiced by Plaintiff's deficient service. Further, there can be no doubt that Defendants have had sufficient time to understand the claims being asserted against them, particularly since this case has been pending for over two years.

In light of the application of Rule 4(m), this Court denies Defendants' 12(b)(5) motion to dismiss for insufficient service and grants Plaintiff an extension of time to properly effect service.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Complaint is hereby GRANTED in part and DENIED in part. The motion is granted to dismiss Mid-Hudson. The motion is denied insofar as it requests dismissal for insufficient service, as the Court finds good cause to grant leave to re-serve. Plaintiff is hereby granted an extension to re-serve the Summons and Complaint on Defendants Noell, Wickham, Hernandez, and LaForge within 30 days of the date of this Opinion. An Order of Service directing the Marshals to assist Plaintiff in this matter, as he is *pro se* and proceeding *in forma pauperis*, will be issued in short order.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 28. The Clerk of Court is further directed to terminate Defendant Mid-Hudson, as the action against Mid-Hudson is barred by operation of sovereign immunity.

Dated: March 27, 2018
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge