UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

WILLIAMS,                                              :

          Plaintiff,                         :                    ORDER

          -against-                          :             16CV2188(NSR)(LMS)

NOELL, et al.,                                         :

          Defendant.                         :

-----------------------------------------------------------------x

Defendants have submitted to the Court for *in camera* review certain personnel records

relating to Raymond Hernandez, Shane LaForge, Michele Wickham, and Noel Collins, and two

investigative files pertaining to Kenneth Williams, including a CD. The review of those

documents has been completed, as noted below.

In assessing the need for a plaintiff to obtain records from a state agency employee's

personnel file, this Court is obligated to balance the plaintiff's need for disclosure against the

legitimate interest of a defendant in protecting the confidentiality of the employee's personnel

file. As there is no so-called Monell claim in this case, the relevance of these documents to the

case at hand is severely limited. See Monell v Department of Social Services of City of New

York, 436 U.S. 658 (1978). The review of the submitted records has been completed, and I am

satisfied that there are no documents in the personnel records which are relevant and material for

purposes of discovery. I note in particular that there are no documents evidencing any

complaints, investigations, or discipline involving claims of harm to patients by these

defendants. Therefore none of those documents needs to be produced.

I conclude that the investigative files, along with a copy of the CD, must be produced

promptly to Plaintiff's counsel. The investigative files have each been marked with a Post-it note, they are marked #I and #II. In file #I there are records which identify other patients at the location of the events in question, and the information about those patients should be redacted so they are identified only by their initials. To the extent that any medical information about those other patients is included in this file, counsel for Plaintiff is ordered to maintain that medical information under strict confidentiality, and if that information is sought to be used during questioning at deposition or trial, the issue must be raised with the judge before doing so. As to both File #I and File #II, any and all personally identifying information for staff and employees of Mid-Hudson Psychiatric, including home and mailing addresses, are to be redacted.

The documents to be produced to Plaintiff's counsel must be properly certified, so that they may be used as evidence at trial pursuant to Federal Rule of Evidence 902(11). Counsel for Defendants is directed to make legible copies of the identified documents and produce them to counsel within 14 calendar days of the date of this Order. Counsel for all parties are reminded of the provisions of Fed. R. Civ. P. 5.2(a) in the event that any documents are filed in this matter.

The Clerk is directed to return the records to counsel for the Defendants along with a copy of this Order.

Dated:     December 27, 2019
          White Plains, New York

**SO ORDERED**

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York